UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
HAROLD EDMUND STONIER,                )
                                      )
      Petitioner,                    )
                                      )
  v.                                  )   Civil Action No. 09-0581 (PLF)
                                      )
LINDA SANDERS,                        )
                                      )
      Respondent.                    )
_____)


MEMORANDUM OPINION

      In this action for a writ of *habeas corpus*, petitioner, a federal prisoner, challenges his "illegal conviction" and "illegal sentence" imposed by the United States District Court for the District of Massachusetts. Pet. at 1-2. Petitioner claims, among other grounds for issuing the writ, that he is innocent, the sentencing court lacked jurisdiction and the indictment failed to allege a federal crime. He also challenges the effectiveness of his attorneys during the criminal proceedings. For the following reasons, the Court finds that it lacks jurisdiction to entertain the petition and therefore will dismiss the case.

      A collateral challenge to a judgment of conviction entered by a federal court must be pursued under 28 U.S.C. § 2255, which provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by

motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  Because the petitioner was convicted and sentenced in the District of Massachusetts, that court has subject matter jurisdiction over this petition, and it is the only court in which this petitioner's motion to vacate may be heard.  28 U.S.C. § 2255; *see Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (where petitioner attacked constitutionality of the statute under which he was convicted and sentenced, proper remedy was by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

Petitioner "believes the 2255 motion to the Court of original proceedings [would be] a fraud because . . . [t]he original [court] is a creation of the same void, invalid, never lawfully processed papers" that allegedly were created or provided by the participants of the criminal proceedings.  Pet. at 5.  This claim liberally read as a challenge to the legitimacy of the sentencing court is frivolous.  *See, e.g., Rogers v. United States District Court for the Northern District of Tex., Dallas Division*, No. 06-5214, 2006 WL 3498294 (D.C. Cir., Nov. 13, 2006) ("The district court correctly concluded that appellant's complaint [ challenging the status of the Northern District of Texas as an Article III court] is frivolous.").  Petitioner has not shown that his Section 2255 remedy in the court that sentenced him is inadequate or ineffective to test the legality of his detention.  This Court therefore concludes that this action must be dismissed for lack of jurisdiction.  An appropriate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 2, 2009